IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VANDAIRE KNOX, | ) | |
| | ) | |
| Plaintiff, | ) | No.  11 C 2117 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| THOMAS DART, Sheriff of Cook County, | ) | |
| SALVADOR GODINEZ, Executive Director, | ) | |
| Cook County Department of Corrections, DANIEL | ) | |
| MORECI, Superintendent, Cook County Jail | ) | |
| Div. IX, CHIEF THOMAS, Chief, Cook County | ) | |
| Jail Div. IX, in their individual and official | ) | |
| capacities, and COUNTY OF COOK, ILLINOIS, | ) | |
| a government entity organized under the laws of | ) | |
| Illinois, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Vandaire Knox, an inmate at the Cook County Jail,[1] has sued defendants

Thomas Dart, the Sheriff of Cook County, Illinois, Salvador Godinez, Executive Director of the

Cook County Department of Corrections, Daniel Moreci, Superintendent of Division IX of the

Cook County Jail, Chief Thomas, Chief Officer of Division IX, and Cook County, alleging that

he has been subjected to inhumane conditions of confinement that violate his constitutional

rights.  The alleged unconstitutional conditions include serious fire safety hazards, failure of the

jail administration to provide clean linens and uniforms for extended periods of time, filthy

living conditions including poor and inadequate ventilation resulting in respiratory problems,

inadequate food service, and failure to allow access to the law library.  Plaintiff alleges that

defendants have been aware of these unconstitutional conditions since July 2008,.when the U.S.

---

[1]Plaintiff has been housed at Cook County Jail since September 3, 2009, originally as a
pre-trial detainee and, after his conviction in December 2010, as a detainee awaiting sentencing.

Department of Justice ("DOJ") issued a 98 page findings letter concluding that certain conditions at Cook County Jail violated the constitutional rights of the individuals in the custody and care of the Jail, yet have failed to take corrective actions. Defendants have moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. That motion is granted in part and denied in part.

As an initial matter, plaintiff has sued Dart, Godinez, Moreci, and Thomas both in their official and individually capacities. It is well settled that a suit against an officer in his official capacity is a suit against the governmental entity for which the officer works. Kentucky v. Graham, 473 U.S. 159, 165 (1985). The proper legal entity to be sued is the Sheriff of Cook County. See Gilbert ex rel. Jones v. Ross, 2010 WL 145789 at *2 (N.D. Ill. 2010). Therefore, the official capacity claims against Godinez, Moreci and Thomas are dismissed.

Defendants also argue that all of the individual capacity claims should be dismissed because the complaint fails to allege in sufficient detail each individual defendant's personal involvement in the alleged constitutional violations. It is again well settled that an individual can not be held liable in a § 1983 action unless he caused or participated in the alleged constitutional deprivation. Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1983). "An official satisfies the personal responsibility requirement of Section 1983 if the conduct causing the constitutional deprivation occurs at his direction, or within his knowledge and consent." Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). "Supervisors must know about the conduct, and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act knowingly or with deliberate, reckless indifference." Aleman

v. Dart, 2010 WL 4876720 at *5 (N.D. Ill. 2010) (quoting Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir. 1998)).

In the instant case, plaintiff alleges that each of the individual defendants, all of whom have direct responsibility for the conditions in Division IX, have been aware of systemic constitutional violations in Division IX since at least July 2008 when the DOJ issued its findings, and have done nothing to correct the problem. These allegations are sufficient to allege each defendant's personal involvement in the alleged constitutional violations.

Finally, defendants argue that "plaintiff's claims fail to satisfy the appropriate constitutional standard as they are de minimis concerns with no constitutional injury." According to defendant, plaintiff's claims amount to no more than minor inconveniences. The court disagrees.

As a pre-trial detainee plaintiff has the right to basic human needs, including medical care and reasonable safety while in custody and can not be deprived of these basic needs. Estelle v. Gamble, 429 U.S. 97 (1976); DeShaney v. Winnebago County Department of Soc. Serv., 489 U.S. 189, 200 (1989). Plaintiff's claim is brought under the Fourteenth Amendment, but is analyzed under the Eight Amendment "deliberate indifference" standard because the Seventh Circuit has held that there is little practical difference between the analysis required for a Fourteenth Amendment due process claim and the Eight Amendment standard. Weiss v. Cooley, 230 F.3d 1027 (7th Cir. 2000).

To meet the deliberate indifference standard, plaintiff must plead both an objective risk of danger and that defendants had actual knowledge of the risk. Mayoral v. Sheahan, 245 F.3d 934, 938 (7th Cir. 2001). To satisfy the objective component plaintiff must plead that "he is

incarcerated under conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511

U.S. 825, 834 (1994). The alleged deprivation, the condition itself, must be sufficiently serious

to rise to the level of a constitutional violation. Wilson v. Seiter, 501 U.S. 294, 299-302 (1991).

Although the Constitution "does not mandate comfortable prisons," and only those deprivations

denying the "minimal civilized measures of life's necessities" are serious enough to implicate

the Constitution, a condition that might not ordinarily be considered a violation of the Eight

Amendment may nonetheless do so if the condition persists over an extended period of time.

Patterson v. Kistousky, 2010 WL 5490653 at *3 (N.D. Ill. 2010) (citing Rhodes v. Chapman,

452 U.S. 337, 347 (1981); Jackson v. Duckworth, 955 F.2d 21, 22 (7th Cir. 1992)).

In the instant case, plaintiff alleges that Division IX of the jail is a fire hazard, that

defendants have know of the dangers for years and have failed to implement policies to correct

the problem. The complaint details numerous instances of exposed wiring (including within the

shower area), uncovered light switches, and that inmates regularly burn trash within their living

spaces to "heat up chronically cold food, using their bunks as makeshift hotplates." Citing

Morissette v. Peters, 45 F.3d 1119, 1123 (7th Cir. 1995), defendants argue that the Seventh

Circuit has held that even when exposed wiring results in actual shocks to the inmate, the injury

does not amount to a constitutional violation, calling such wiring a "minor hazard that was easily

avoided." Plaintiff, however, does not complain about the risk of shock from an isolated

problem but rather that a systemic problem has created a serious risk of fire, and that defendants

have no plan for inmate safety should a fire occur. Plaintiff has alleged that "he is incarcerated

under conditions imposing a substantial risk of serious harm," meeting the objective component.

And because plaintiff alleges that defendants have been aware of these problems for years, he has also sufficiently pled the subjective element.

The same is true for plaintiff's other allegations. For example, he claims that his food is served under conditions that present an immediate danger to his health. In particular, he alleges that the cooked food is served so cold that the risk of bacteria-born illness is greatly enhanced, particularly since the food is served in close proximity to unsanitary bathrooms. He alleges that defendants were made aware of this problem in the DOJ report, but have failed to remedy the constitutional violations. Whether plaintiff can prove these allegations remains to be seen, but they are sufficient to state a claim. His complaints about inadequate ventilation and sanitation are equally sufficient. Certainly lack of sanitary conditions, including clean bedding and clothes, may qualify as a denial of minimal civilized measures of life's necessities. See Townsend v. Fuchs, 522 F.3d 765, 773-74 (7th Cir. 2008).

Finally, plaintiff alleges that residents of Division IX are not permitted access to the law library and must submit requests with exact legal citations to receive legal materials. The jail does not provide the inmates with any resources from which to find the exact citations, however, leaving the inmates in the type of "catch 22" situation found unconstitutional in Corgain v. Miller, 708 F.2d 1241, 1250 (7th Cir. 1983). These allegations sufficiently state a claim for denial of access to the courts.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss is granted as to the official capacity claims against Godinez, Moreci and Thomas, and denied in all other respects. Defendants are directed to answer the complaint as so limited on or before February 3, 2012. The parties are directed to prepare and file a joint status report using this court's form on or

before February 10, 2012.  The status report set for January 11, 2012, is continued to

February 16, 2012, at 9:00 a.m.


**ENTER:**      **January 6, 2011**

                                        **Robert W. Gettleman**
                                        **United States District Judge**